

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,965-01, WR-81,965-02, WR-81,965-03 & WR-81,965-04

### EX PARTE MARCUS WAYNE HARGROVE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12-007-CR-A, 12-027-CR-A, 12-179-CR-A & 12-180-CR-A
### IN THE 77TH DISTRICT COURT
### FROM FREESTONE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of theft and two charges of possession of a controlled substance, and originally received deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to fourteen months' state jail imprisonment in each case, with all four sentences running concurrently.

Applicant contends that he is being denied credit for time spent in a substance abuse felony

punishment facility ("SAFP") before he was adjudicated guilty. Applicant alleges that he successfully completed the SAFP program, and that he is therefore entitled to credit for that time. TEX. CODE CRIM. PROC. Art. 42.12, § 23(b). Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant successfully completed the SAFP program in which he was ordered to participate as a condition of his deferred adjudication community supervision. If Applicant did successfully complete the program, the trial court shall make findings of fact as to whether Applicant is receiving credit for the time he spent in the SAFP program against his sentences. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish